IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| STEPHANIE TOYAMA, | ) | CIVIL NO. 06-00023 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE LEAVITT, Secretary of | ) | |
| Health & Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE SCHEDULING ORDER PENDING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FINDING AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

Before this Court is Plaintiff Stephanie Toyama's ("Plaintiff") Motion to Vacate Scheduling Order Pending the Exhaustion of Administrative Remedies ("Motion"), filed on May 11, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"). After careful consideration of the Motion, the supporting memoranda and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED and the Court FINDS AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's case for the reasons set forth below.

**BACKGROUND**

On December 6, 2002, Defendant Department of Health and

Human Services ("HHS") terminated Plaintiff from her position as a Public Health Advisor due to her failure to accept a directed reassignment from Honolulu to Atlanta.  In response, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint with HHS, alleging discrimination based on race, physical disability, national origin, and religion.

On May 29, 2003, the agency issued a final decision, finding no discrimination.  Plaintiff subsequently appealed this decision to the Merit Systems Protection Board ("MSPB").

On August 29, 2003, at Plaintiff's request, the MSPB dismissed her appeal without prejudice to allow her to pursue her discrimination claims before HHS and the Equal Employment Opportunity Commission ("EEOC").  The dismissal advised Plaintiff that she could refile her appeal within thirty days of a final agency decision.

On February 4, 2004, the EEOC administrative judge found no discrimination, and the HHS issued a final agency decision on March 15, 2004, indicating that it would implement the administrative judge's decision.  The final agency decision, however, erroneously advised Plaintiff that she could appeal to the EEOC's Office of Federal Operations ("OFO"), or could file a civil action in federal district court.[1]  Plaintiff appealed to

---

[1] Under the applicable regulations, Plaintiff's correct appeal options were to either appeal *to the MSPB* or file a civil action in district court.  See 29 C.F.R. § 1614.302(d)(3)

the EEOC's OFO, which affirmed the finding of no discrimination.

After realizing that the MSPB was the exclusive administrative avenue for including a Family and Medical Leave Act ("FMLA") claim, Plaintiff refiled her mixed case appeal with the MSPB on December 24, 2005.  Because Plaintiff did not refile with the MSPB within thirty days as required by the August 29, 2003 dismissal without prejudice, the MSPB dismissed Plaintiff's mixed case appeal as untimely.  Plaintiff timely appealed to the United States Court of Appeals for the Federal Circuit.

In the meantime, Plaintiff filed a mixed case claim in this Court on January 11, 2006, "alleging unlawful discrimination in reassignment of Plaintiff and the failure of [HHS] to grant Plaintiff leave rights."  [Mem. in Supp. of Mot. at 2.]

On March 13, 2007, the United States Court of Appeals for the Federal Circuit reversed the dismissal of the MSPB, holding that Plaintiff had good cause for filing her mixed case appeal late because of the erroneous notice of appeal rights in the March 15, 2004 final agency decision.

In light of her mixed case appeal being remanded to the MSPB for further proceedings, Plaintiff filed the instant Motion.  She requests that the Court vacate the scheduling order pending the final outcome of her FMLA claim before the MSPB.

On May 29, 2007, HHS filed a statement of no opposition

---

(emphasis added).

to Plaintiff's Motion.

## DISCUSSION

Where, as here, a case proceeds before the MSPB and involves discrimination and non-discrimination claims, it is considered a "mixed case." Williams v. Rice, 983 F.2d 177, 179 (10th Cir. 1993); see also Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998) (citing 29 C.F.R. § 1614.302(a)(2)). Under 5 U.S.C. § 7702, the MSPB is required to "decide both the issue of discrimination and the appealable action" presented in a mixed case appeal. 5 U.S.C. § 7702(a)(1). It is only after a final decision by the MSPB addressing "the merits of both the appealable action and the discrimination claim" that a mixed case appeal becomes "judicially reviewable" in district court. Downey v. Runyon, 160 F.3d 139, 144 (2d Cir. 1998); see also 5 U.S.C. § 7703(b)(2). Parties proceeding with a mixed case appeal to the MSPB have thirty days from the Board's final decision to file a civil action in the appropriate district court. 5 C.F.R. § 1201.157.

The Federal Circuit's decision of March 13, 2007, reversing and remanding the MSPB's dismissal of Plaintiff's mixed case appeal effectively deprives this Court of jurisdiction over Plaintiff's mixed case claim. Because Plaintiff's mixed case appeal is again before the MSPB, Plaintiff must first exhaust this administrative remedy before seeking judicial review in

district court.  See <u>Vinieratos v. U.S. Dep't of Air Force Through Aldridge</u>, 939 F.2d 762, 771 (9th Cir. 1991) (once an administrative remedy is initiated, it "must be exhausted before a suit [in district court] may be filed") (quoting <u>McGinty v. United States Department of the Army</u>, 900 F.2d 1114, 1117 (7th Cir. 1990)).  Only after the MSPB has issued its final decision might this Court have jurisdiction.

In light of the concurrent MSPB proceeding, this Court grants Plaintiff's request to vacate the scheduling order.  Additionally, the Court finds that because Plaintiff has yet to exhaust her administrative remedies, it is without jurisdiction to review her claims.  This Court thus recommends that the district court dismiss Plaintiff's case without prejudice.  "A federal court may dismiss sua sponte if jurisdiction is lacking."  <u>Fiedler v. Clark</u>, 714 F.2d 77, 78-79 (9th Cir. 1983) (citing <u>Mansfield, Coldwater & Lake Michigan Railway v. Swan</u>, 111 U.S. 379, 382 (1884); <u>Smith v. Grimm</u>, 534 F.2d 1346, 1349 n.4 (9th Cir. 1976)).  <u>See</u> <u>also</u> Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  If appropriate, Plaintiff may refile her action with this Court after the MSPB renders its final decision regarding her mixed case appeal.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiff's

Motion to Vacate Scheduling Order Pending the Exhaustion of Administrative Remedies.

In addition, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint in light of the concurrent MSPB proceeding.

IT IS SO ORDERED, FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, July 26, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**STEPHANIE TOYAMA V. MIKE LEAVITT, ETC.; CIVIL NO. 06-00023 HG-LEK; ORDER GRANTING PLAINTIFF'S MOTION TO VACATE SCHEDULING ORDER PENDING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FINDING DN RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**