IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STEPHANIE TOYAMA,           )   CIVIL NO. 06-00023 HG-LEK
                            )
                            )
          Plaintiff,        )
                            )
     vs.                    )
                            )
MIKE LEAVITT, Secretary of  )
Health & Human Services;    )
Director of the Center for  )
Disease Control             )
                            )
          Defendant.        )
_____

**ORDER ADOPTING MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO VACATE SCHEDULING ORDER PENDING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FINDING AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT AS MODIFIED AND SUPPLEMENTED**
**AND**
**WAIVING FILING FEE UPON PLAINTIFF'S REFILING OF COMPLAINT**

This is a discrimination case brought by a former federal employee of the Department of Health and Human Services.  Because Plaintiff's claims are the subject of a Merit Systems Protection Board proceeding, and there is no indication that the Board has issued a final decision in that proceeding, the Court adopts, as modified and supplemented herein, the magistrate judge's finding and recommendation to vacate the scheduling order and to dismiss Plaintiff's complaint without prejudice for lack of subject

1

matter jurisdiction.  The Court also waives the filing fee upon the refiling of Plaintiff's complaint.

## PROCEDURAL HISTORY

On May 11, 2007, Plaintiff Stephanie Toyama ("Plaintiff") filed a Motion to Vacate Scheduling Order Pending the Exhaustion of Administrative Remedies.  ("Motion").

On July 26, 2007, the Magistrate Judge entered an "Order Granting Plaintiff's Motion to Vacate the Scheduling Order Pending the Exhaustion of Administrative Remedies and Finding and Recommendation to Dismiss Without Prejudice Plaintiff's Complaint."  ("F&R").

On August 2, 2007, Plaintiff filed a "Memorandum in Opposition to Magistrate's Recommendation to Dismiss Complaint Without Prejudice Due to a Lack of Subject Matter Jurisdiction." The Court construes Plaintiff's memorandum as objections to the F&R.

On August 14, 2007, Defendant filed a "Memorandum in Response to Plaintiff's Objections to Magistrate's Recommendation of Dismissal Without Prejudice."  ("Response").

On August 17, 2007, Plaintiff filed a "Reply in Opposition to Defendant's Memorandum in Support of Magistrate's Recommendation to Dismiss Complaint Without Prejudice". ("Reply").

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to the F&R to the extent that it recommends dismissal of Plaintiff's Complaint for lack of jurisdiction.  Plaintiff first takes issue with the fact that the Court, sua sponte, dismissed her case, without prejudice, for lack of jurisdiction.  The F&R recommended dismissal without prejudice for lack of jurisdiction because Plaintiff, as she acknowledges, had not yet exhausted her administrative remedies. As the F&R correctly noted, a court "may dismiss sua sponte if jurisdiction is lacking." Fiedler v. Clark, 714 F.2d 77, 78-79 (9th Cir. 1983) (citation omitted).

Second, Plaintiff contends that the Court should "stay and abey" Plaintiff's disability claim until final resolution of her appeal before the Merit Systems Protection Board ("MSPB"), rather than dismiss her case in its entirety, without prejudice. Plaintiff erroneously contends that even though her appeal before the MSPB is still pending, the Court has subject matter jurisdiction over some of her claims.  This is incorrect. Plaintiff's case is not judicially reviewable in this Court until the MSPB's final decision.

Plaintiff's erroneous contention appears to originate from her misunderstanding as to the scope of the MSPB's review in a "mixed case."  Plaintiff recognizes that the Court does not have jurisdiction over her non-discrimination claims, but contends

3

that the Court has jurisdiction over her discrimination based claims. (Reply at 2.) Yet, the scope of the MSPB's review applies to all of Plaintiff's claims. <u>See</u> 5 U.S.C. § 7702(a)(1).

## BACKGROUND

This is a "mixed case" because it involves both discrimination and non-discrimination claims over which both the Equal Employment Opportunity Commission and the MSPB could conceivably have administrative jurisdiction. <u>See</u> 29 C.F.R. § 1614.302(a)(1)("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address."); <u>see</u> <u>Vinieratos v. United States</u>, 939 F.2d 762, 767 n. 2(9th Cir. 1991).

Generally, under the Federal Labor-Management Relations Act, 5 U.S.C. §§ 7101-35, the Plaintiff must elect to pursue a remedy by filing a complaint with the Equal Employment Opportunity ("EEO") Counselor or by filing an appeal with the MSPB. <u>Id</u>. at 768; <u>id</u>. at 770 n.9 (under either the EEO or the MSPB, "it is clear that only one administrative proceeding may proceed at a time; a complainant cannot simultaneously seek a remedy under

4

both the EEO and the MSPB regimes.").  An aggrieved person may initially file a mixed case complaint with an agency [under the EEO mechanism] or (s)he may file a mixed case appeal directly with the MSPB . . . , but not both . . . The person shall be advised that (s)he may not initially file both and that whichever is filed first (the mixed case complaint or the appeal) shall be considered an election to proceed in that forum."  29 C.F.R. § 1613.403.

In this case, Plaintiff initially elected to pursue the EEO process by filing an EEO complaint, alleging discrimination, with the Department of Health and Human Services ("HHS").  On May 29, 2003, the HHS issued a final decision finding no discrimination. Plaintiff then filed an appeal with the MSPB, but because Plaintiff had elected to pursue her discrimination claims using the EEO procedure, the MSPB dismissed her appeal without prejudice.  The dismissal advised Plaintiff that she could refile her appeal within thirty days of a final agency decision.

After an Equal Employment Opportunity Commission administrative law judge found no discrimination, the HHS issued a final agency decision.  Plaintiff had the right to appeal that final agency decision to the MSPB or file a civil action in district court, 29 C.F.R. § 1614.302(d)(3), but instead she appealed to the EEOC's office of Federal Operations.  She did so because the final agency decision had erroneously advised her

that an appeal to the office of Federal Operations was one of her appeal options.  The final agency decision did not advise her of her option to appeal to the MSPB.

Upon realizing that the proper administrative avenue was an appeal to the MSPB, Plaintiff filed her appeal with the MSPB. The MSPB found Plaintiff's appeal to be untimely in light of its earlier dismissal giving Plaintiff thirty days to appeal a final agency decision.  On March 13, 2007, the United States Court of Federal Appeals reversed the MSPB's dismissal, holding the Plaintiff had good cause for filing her appeal late.

On January 11, 2006, before reversal of the MSPB's dismissal, the Plaintiff filed her complaint in this Court. Plaintiff's complaint alleges "unlawful discrimination in reassignment of Plaintiff and the failure of [HHS] to grant Plaintiff leave rights."

After the March 13, 2007 reversal of the MSPB's dismissal of her appeal, Plaintiff filed her motion to vacate this Court's scheduling order pending exhaustion of her administrative remedies.

## ANALYSIS

Plaintiff's proceeding before the MSPB is a mixed case appeal.  "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race,

color, religion, sex, national origin, handicap or age." 29
C.F.R. § 1614.302(a)(2).  As discussed in detail in the F&R,
because Plaintiff has elected to pursue the MSPB appeal, the
Court must wait until she has exhausted her administrative
remedies before entertaining any of her claims.  (F&R at 4.); see
5 U.S.C. § 7702(a)(2) ("The decision of an agency in any such
matter shall be a judicially reviewable action *unless the*
*employee appeals the matter to the Board under paragraph (1) of*
*this subsection*") (emphasis added).  Under 5 U.S.C. § 7702(a)(1)
the MSPB is required to "decide both the issue of discrimination
and the appealable action" presented in the mixed case appeal.

Plaintiff's request that the Court stay, rather than dismiss
without prejudice, her case stems from her concern as to the 90-
day period to file a civil action set forth in her "Statement of
Rights - On Appeal."  But that provision does not govern her time
to file an appeal after the MSPB decision.  Rather, the
applicable MSPB regulation provides:

> Any final decision of the Board under 5 U.S.C. §
> 7702 will notify the appellant of his or her right,
> within 30 days after receiving the Board's final
> decision, to petition the Equal Employment
> Opportunity Commission to consider the Board's
> decision, or to file a civil action in an
> appropriate United States district court. If an
> appellant elects to waive the discrimination issue,
> an appeal may be filed with the United States Court
> of Appeals for the Federal Circuit as stated in §
> 1201.120 of this part.

5 C.F.R. § 1201.157.

7

Under this regulation, Plaintiff will have 30 days to refile her complaint in this Court after receiving the MSPB's final decision.  Plaintiff's discrimination claims will not be time barred.

Plaintiff is also concerned about having to pay, for a second time, the initial filing fees.  This is a legitimate concern.  The district court filing fee is now $350.00.  The Court waives the filing fee for Plaintiff to refile her complaint.  A waiver of the filing fee is warranted in this case because the Federal Circuit court reversed the MSPB's dismissal and remanded Plaintiff's case to the MSPB after Plaintiff filed her complaint before this Court.  Plaintiff did not know that she had additional administrative remedies that she could exhaust.

**CONCLUSION**

For the foregoing reasons,

(1)    the Magistrate Judge's ORDER GRANTING PLAINTIFF'S MOTION TO VACATE SCHEDULING ORDER PENDING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FINDING AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (Doc. 21) is **ADOPTED AS MODIFIED AND SUPPLEMENTED** herein;

(2)    Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**;

(3)    the Court **ORDERS** that, upon the refiling of Plaintiff's complaint in this Court, the filing fee is **WAIVED**;

8

(4)  this case is now **CLOSED**.


IT IS SO ORDERED.

Dated: October 22, 2007, Honolulu, Hawaii.



                              /s/ Helen Gillmor
                         _____

                         Chief United States District Judge



Toyama v. Leavitt, et al., Civ. No. 06-00023 HG-LEK; ORDER
ADOPTING MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO
VACATE SCHEDULING ORDER PENDING THE EXHAUSTION OF ADMINISTRATIVE
REMEDIES AND FINDING AND RECOMMENDATION TO DISMISS WITHOUT
PREJUDICE PLAINTIFF'S COMPLAINT AS MODIFIED AND SUPPLEMENTED AND
WAIVING FILING FEE UPON PLAINTIFF'S REFILING OF COMPLAINT